IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keiron Bailey,<br><br>        Plaintiff,<br><br>v.<br><br>Arizona Board of Regents, et al.,<br><br>        Defendants. | No. CV-23-00557-TUC-AMM (LCK)<br><br>**REPORT AND RECOMMENDATION** |

Defendants Arizona Board of Regents (ABOR), Robert Robbins, Liesl Folks, Diane Brennan, Andrea Romero, Regina Deil-Amen, Robert Berry, and Melanie Bertrand filed a Motion to Dismiss Plaintiff Keiron Bailey's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6). (Doc. 18.) Plaintiff responded, and Defendants replied. (Docs. 23, 26.) Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Kimmins for Report and Recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the Complaint but grant Plaintiff leave to amend.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 13, 2023, Plaintiff filed a Complaint against the Arizona Board of Regents[1] and seven individuals employed at the University of Arizona. (Doc. 1.) Within

---

[1] Although Plaintiff was employed at the University of Arizona, and his Complaint is based on conduct of the University and its employees, ABOR is the proper Defendant. *Ansel Adams Publ'g Rts. Tr. v. PRS Media Partners, LLC*, 502 F. App'x 659, 660 (9th Cir. 2012) (finding that ABOR is the proper defendant for actions against University of Arizona).

the Court-provided form that Plaintiff completed as part of his Complaint he summarized the facts in support of his claims as follows:

> Following his well-known protected activity consisting of reporting and seeking correction of numerous acts of discrimination and harassment of women at UA including the unlawful harassment of his family in their home at night, Dr. Bailey endured a coordinated and pre-planned campaign of discrimination, retaliation and harassment from multiple supervisors with collusion from Human Resources. These supervisors removed him from duties, denied him promotion, defamed him, ejected him from faculty senate meeting, excluded him from his office multiple times for three weeks without process, enacted a fraudulent callout of UA PD to harass and intimidate him, excluded him from campus and all facilities without UA PD support, and then dismissed him without cause.

(Doc. 1 at 5.) He attached a second portion of his Complaint to the form and that segment is 120 pages in length and consists of almost 400 paragraphs of factual allegations. He asserted thirteen claims: retaliation in violation of Title VII against all Defendants (Claim 1); retaliation in violation of Title IX against all Defendants (Claim 2); denial of equal protection against the individual defendants (Claim 3); retaliation in violation of the First Amendment right to free speech against the individual defendants (Claim 4); violation of Title IX against all Defendants (Claim 5); violation of the Due Process Clause against the individual defendants (Claim 6); conspiracy in violation of 18 U.S.C. § 241 against Defendants Folks, Romero, Brennan, Berry, Deil-Amen, and Bertrand (Claim 7); violation of A.R.S. § 41-1464A against all Defendants (Claim 8); violation of A.R.S. § 15-1864C against Defendants Folks and Brennan (Claim 9); false reporting to law enforcement agencies in violation of A.R.S. § 13-2907.01 (Claim 10); violation of the Due Process Clause of the Arizona Constitution against Defendants Folks and Brennan (Claim 11); retaliation in violation of Arizona Board of Regents Policy 1-119 against all Defendants (Claim 12); and violation of Arizona Board of Regents Policy 6-914 against all Defendants (Claim 13).

**RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants move to dismiss Claims 1-7, 10, 12, and 13, pursuant to Federal Rule of Civil Procedure 12(b)(6). In his response, Plaintiff attached over 500 pages of material to support his claims. (Docs. 23-1, 23-2, 23-3, 23-4.) As set forth below, when adjudicating a

- 2 -

Rule 12(b)(6) Motion to Dismiss the Court looks only at the allegations in the Complaint. Therefore, the Court did not consider the evidence attached to Plaintiff's response. Additionally, Plaintiff began his response by setting forth "Recent Developments." (Doc. 23 at 1-4.) Because those allegations are not in the Complaint, the Court does not consider them in ruling on Defendants' motion.

**STANDARD OF REVIEW**

The United States Supreme Court has found that, to state a claim, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (interpreting Rule 8(a) and explaining that there must be specific, non-conclusory factual allegations sufficient to support a finding by the court that the claims are more than merely possible, they are plausible.). A mere formulaic recitation of the elements of a cause of action is not sufficient to establish a claim, and legal conclusions are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 679. Dismissal is only appropriate if the complaint's factual allegations, together with all reasonable inferences drawn in the plaintiff's favor, fail to state a plausible claim that Defendant is liable for the alleged misconduct. *Id*. at 678.

Where the pleader is *pro se*, the pleading should be liberally construed in the interests of justice. *Erickson v. Pardue*, 551 U.S. 89, 94 (2007); *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975). However, the Court is not to serve as an advocate of a *pro se* litigant in attempting to decipher a complaint. *See e.g., Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants" because this would undermine district judges' role as impartial decisionmakers); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 160 F.3d 567 (9th Cir. 1998). Additionally, when a court grants dismissal, it "should grant leave to amend even if no request to amend the pleading was

made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (quoting *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## ANALYSIS

### Claims 1, 2, and 5 as to Individual Defendants

Plaintiff brought Claims 1, 2 and 5 against all Defendants. Claim 1 is brought under Title VII and Claims 2 and 5 are brought under Title IX. The seven individual defendants argue that the statutes do not allow claims against individuals. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., prohibits employers from discriminating on the basis of sex, among other things. *See* 42 U.S.C. § 2000e-2(a). Because the named individuals were not Plaintiff's employer, the statute does not allow a Title VII claim to be brought against them. *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) ("We have long held that Title VII does not provide a separate cause of action against supervisors or co-workers."). Title IX provides, with certain exceptions not at issue, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Because the named individuals are not a federal program or activity that receives federal funds, the statute does not allow a Title IX claim to be brought against them. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009) ("Title IX reaches institutions and programs that receive federal funds . . . but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals"); *Al-Rifai v. Willows Unified Sch. Dist.*, 469 F. App'x 647, 649 (9th Cir. 2012) (citing *Fitzgerald*, 555 U.S. at 257). Therefore, Claims 1, 2, and 5 must be dismissed with prejudice as to the individual Defendants, Robbins, Folks, Brennan, Romero, Deil-Amen, Berry, and Bertrand. Because Plaintiff could not cure this defect with an amendment, the Court will dismiss these claims as to the individual Defendants with prejudice.

**Claim 1 Against ABOR**

Plaintiff alleges the University retaliated against him in violation of Title VII. In support, he alleges that the University has discriminated against him based on sex for a period of years. (Doc. 1 ¶ 397.) Plaintiff alleges he has advocated for equal treatment, protested discrimination, and challenged harassment. (*Id.* ¶ 399.) He alleges he was retaliated against "in numerous and severe [ways] up to and including dismissal." (*Id.* ¶¶ 399, 400.) Defendant ABOR argues that Plaintiff has failed to plead sufficient facts to state a Title VII claim against it.

It is unlawful for an employer to discriminate against an employee "because he has opposed any practice" made unlawful by Title VII, including bringing an EEOC charge. 42 U.S.C.A. § 2000e-3(a). The protection of this clause protects employees if they oppose "what they reasonably perceive as discrimination" under Title VII, meaning discrimination against employees protected by Title VII based on "race, color, religion, sex, or national origin." *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988); *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994). To establish a retaliation claim, Plaintiff must show that he engaged in a protected activity, he was subjected to an adverse employment decision, and the adverse action was causally linked to his protected activity. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).

Although Petitioner alleges the elements of a Title VII retaliation claim, he has not alleged sufficient facts to state a claim. Within Claim 1, he does not identify what discriminatory practices against himself or other employees he opposed, what adverse employment actions to which he was subjected, or how specific protected activities were linked to specific adverse actions. He alleged hundreds of factual allegations that he incorporated into Claim 1. However, incorporating hundreds of paragraphs does not give ABOR or the Court notice of the allegations relevant to Claim 1 with respect to ABOR. It is not for the Court or Defendants to sift through voluminous allegations to determine if some of those facts can be stitched together to create the basis for a valid claim. Therefore, Plaintiff has failed to state a Title VII retaliation claim against ABOR.

**Claim 2 Against ABOR**

Plaintiff alleges the University retaliated against him in violation of Title IX. In support, he alleges he engaged in protected activity by reporting sex discrimination and harassment plus reporting the lack of response he received to his complaints. (Doc. 1 ¶¶ 403, 404.) He alleges that he was subjected to retaliation for his actions. (*Id.* ¶ 406.) And that the adverse actions by the University would not have occurred but for his reporting of Title IX violations. (*Id.* ¶ 407.)

Title IX is a broad-reaching statute that prohibits a recipient of federal education funding from discriminating based on sex, which encompasses intentional discrimination, deliberate indifference, and sexual harassment. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005) (citing 20 U.S.C. § 1681(a)). When a person that has complained of sex discrimination faces retaliation for those complaints, he has a right of action for intentional sex-based discrimination. *Id.* Plaintiff must allege that ABOR is a recipient of federal funding, he complained of sex discrimination, and ABOR retaliated against him because of those complaints. *Id.* at 184.

Plaintiff has alleged the elements of a Title IX retaliation claim, but he has not alleged sufficient facts to state a claim. Within Claim 2, he has not identified the sex discrimination of which he complained and which adverse actions he alleges were the result of particular complaints. The hundreds of allegations Plaintiff incorporated into Claim 2 are insufficient to state a claim because neither the Defendants nor the Court can discern which allegations he connects to this claim.

**Claim 5 Against ABOR**

Plaintiff alleges the University of Arizona is prohibited from engaging in sex-based discrimination by Title IX, because it is a recipient of federal funds, but it is in violation of the statute because there is a heightened risk of sex-based discrimination on campus. (Doc. 1 ¶ 447.) In support, he alleges the university violated its own harassment and retaliation policies and did not enforce or investigate policy violations. (*Id.* ¶¶ 448, 449.) He also

alleges the university fostered an environment of sexual harassment, discrimination, and retaliation. (*Id.* ¶ 450.)

Although Plaintiff clearly states that his claim is based on Title IX, the legal theory of the claim is not certain. Plaintiff has not alleged that he was subjected to discrimination based on his sex. And his claim that he was retaliated against for complaining about sex-based discrimination is the basis for Claim 2. The Ninth Circuit has recognized a claim based on an educational institution creating a heightened risk of sexual harassment. Such a claim requires a plaintiff to satisfy four elements:

> (1) a school maintained a policy of deliberate indifference to reports of sexual misconduct, (2) which created a heightened risk of sexual harassment that was known or obvious (3) in a context subject to the school's control, and (4) as a result, the plaintiff suffered harassment that was "so severe, pervasive, and objectively offensive that it can be said to [have] deprive[d] the [plaintiff] of access to the educational opportunities or benefits provided by the school."

*Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1112 (9th Cir. 2020). Plaintiff alleges there was an environment of sexual harassment on campus, but he has not alleged that he suffered sexual harassment, or that it was at a level of severity that deprived him of educational opportunities or benefits. Additionally, he has not specified which of the hundreds of alleged facts underpin this claim. Therefore, Claim 5 must be dismissed for failure to state a claim.

### **Section 1983 Claims Against the Individual Defendants, Claims 3, 4, and 6**

To state a claim for relief pursuant to § 1983, Plaintiff must allege that (1) Defendants acted under color of state law, and (2) deprived him of a right guaranteed by the United States Constitution. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). For liability under § 1983, there must be individual personal participation in the alleged deprivation of the constitutional right, it is not enough that the person was present or part of a group. *See Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

Claim 3

Plaintiff alleges all individual Defendants violated his right to equal protection by discriminating against him on the basis of sex. (Doc. 1 ¶ 411.) He alleges the Defendants failed to comply with their own procedures, discriminated against him, harassed him, failed to investigate and respond to harassment of his family and discrimination against other women, failed to remedy discrimination against him, failed to respond to reports of retaliation, failed to adequately train staff on the handling of Title IX complaints, and failed to prevent retaliation. (*Id.* ¶ 423.) Plaintiff alleges Defendant's actions were to cover up misconduct and discrimination and not for a legitimate government interest. (*Id.* ¶ 427.)

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff must allege Defendants were motivated by a discriminatory purpose, which may be proven by way of comparators that were treated differently, but other direct or circumstantial evidence of motive also may be sufficient. *Ballou v. McElvain*, 29 F.4th 413, 424 (9th Cir. 2022).

Plaintiff has indicated that the relevant protected class is sex. Plaintiff has not alleged his gender, but refers to himself with male pronouns, so the Court presumes his gender to be male. Plaintiff has not alleged that any Defendants discriminated against him because he is male or treated him differently than similarly situated females. Therefore, he has failed to state a claim for a violation of his right to equal protection based on sex. Also in Claim 3, Plaintiff suggests he was discriminated against based on race. He did not allege his race in the Complaint or include any facts indicating discrimination based on race. The only related allegations are those stating that "[he] regularly wears a shirt depicting [the athlete's] famous stand for civil rights on the 1968 Olympic 200m victory podium," an event from which he takes inspiration. (Doc. 1 ¶¶ 152-53.) Because neither this allegation nor any other allegations in the Complaint allege discrimination based on race, Petitioner has not stated a claim for a violation of equal protection based on race.

Further, Plaintiff has not linked individual Defendants to specific conduct that he alleges violated his right to equal protection. It is not sufficient to allege, as Plaintiff has, that each of the Defendants had "oversight" of other faculty members and were responsible for making sure the university met its legal obligations. (Doc. 1 ¶¶ 414-20.) There is no respondeat superior liability under § 1983, liability requires "personal participation by the defendant." *Taylor*, 880 F.2d at 1045. Plaintiff has failed to state a claim against any individual Defendant because he has not identified each person's alleged conduct.

Claim 4

Plaintiff alleges the individual Defendants violated his First Amendment right to free speech by retaliating against him for speaking out on matters of public concern. (Doc. 1 ¶ 438.) Plaintiff alleges he spoke about women's experience being harassed and discriminated against at the university. (*Id.* ¶ 439.) He identifies his statements to administrators at the university about Dr. Jones's improper behavior and the "organized denial of safeguarding by those required to deliver such safeguarding." (*Id.* ¶ 440.) He alleges he was terminated because of his complaints,[2] while Dr. Jones continues in an executive position. (*Id.* ¶ 441.) He also alleges that:

> After speaking out against the years-long harassment and discrimination directed against multiple women, and seeking to ensure that newly-appointed officers at UA were aware of their legal responsibilities under Title IX and UA policies and Board rules, Plaintiff was repeatedly denied promotion and professional opportunities, repeatedly excluded from the workplace, then excluded from all campus facilities, defamed as a "threat" without reference to policy or Rule and in the absence of UA PD findings or record, then subjected to fraudulent callout of UA PD without cause and with intent to harass and intimidate, followed by dismissal without cause.

(*Id.* ¶ 442.) He alleges adverse actions were imposed with knowledge of his protected activity and immediately following acknowledgement of his civil rights complaints. (*Id.* ¶ 443.)

A First Amendment retaliation claim requires Plaintiff to allege:

> (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of

---

[2] In the Complaint, Plaintiff alleges termination. However, he also alleges that termination was recommended but his appeal was successful, and he remains employed at the University. (Doc. 1 ¶¶ 349-59.)

> ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action.

*Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010) (citing *Pinard v. Clatskanie School Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)). Speech is constitutionally protected at step one if it involves a matter of public concern and "the employee's interest in expressing himself must outweigh the State's interests in promoting workplace efficiency and avoiding workplace disruption." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 978 (9th Cir. 1998). "[F]or adverse, retaliatory actions to offend the First Amendment, they must be of a nature that would stifle someone from speaking out." *Blair*, 608 F.3d at 544 (explaining that the most common adverse actions are punishments that are "regulatory, proscriptive, or compulsory in nature," such as loss of a job, loss of a license, or accusations of criminal activity) (citing *Laird v. Tatum*, 408 U.S. 1, 11, (1972)).

Plaintiff has failed to allege actions by individual Defendants, instead his allegations treat them as a group. Plaintiff does state that Defendant Folks subjected him to adverse actions, but he did not allege which adverse actions he intended to allege with respect to Claim 4 or the causal relationship between specific protected activity and particular adverse actions. For these reasons, he failed to state a First Amendment retaliation claim.

Claim 6

Plaintiff alleges the individual Defendants denied him substantive and procedural due process under the Fifth and Fourteenth Amendments. He alleges that Defendants failure to comply with Title IX, UA 200, and Board Policies 1-119 and 6-914 deprived him of his substantive due process right to his liberty interest in bodily integrity and his property interest in his professional reputation and reasonable advancement in his career. (Doc. 1 ¶ 460.) And that Defendants denied him procedural due process prior to depriving him of his liberty and property interests. (*Id.* ¶ 461.) He further alleged that Defendants failed to comply with their own procedures, engaged in discrimination and harassment of Plaintiff, failed to timely investigate, respond to, and remediate Dr. Jones's harassment of his family, failed to respond to his report of retaliation by Defendants Folks, Romero, Deil-Amen,

Bertrand, and Berry, failed to timely investigate and respond to his report that HR harassed him by way of UA PD abuse, and failed to train and supervise staff regarding Title IX complaints. (*Id.* ¶ 462.)

The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." The Due Process Clause provides procedural protections and it also "includes a substantive component that 'provides heightened protection against government interference with certain fundamental rights and liberty interests.'" *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)). A procedural due process violation has two elements: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *United States v. 101 Houseco, LLC*, 22 F.4th 843, 851 (9th Cir. 2022) (quoting *Brewster*, 149 F.3d at 982). To state a claim for a violation of substantive due process rights, Plaintiff must allege that the government deprived him of life, liberty, or property, and that the actions of the government were such that they "shock[] the conscience." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (citing the Supreme Court for the proposition that "only the most egregious official conduct can be said to be arbitrary" such that it violates an individual's right to substantive due process). As an initial matter, Plaintiff has not alleged actions by any Defendant that shock the conscience. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level."). Therefore, he fails to state a claim for a violation of his substantive right to due process.

Next, the Court examines the specific interests Plaintiff alleges were violated by Defendants' actions. The Court first looks at Plaintiff's allegations that he was deprived of a property interest in his reputation and reasonable career advancement. Property interests do not derive from the Constitution but are created by "existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Brewster*,

149 F.3d at 982 (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972) (holding that possession of a property interest requires "a legitimate claim of entitlement to it."). Plaintiff has failed to identify a source of entitlement for the property interests he identifies, his reputation and career advancement. Further, he has not identified a protected property right.

The Court examines Plaintiff's allegation that he was deprived of his property interest in his reputation. A person's reputation is not property or liberty; therefore, damage to reputation alone is not actionable under the due process clause. *Paul v. Davis*, 424 U.S. 693, 712 (1976). "However, harm to one's reputation may be redressable as deprivation of a liberty interest without procedural due process if the plaintiff 'was stigmatized in connection with the denial of a 'more tangible' interest." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (quoting *Fikre v. Fed. Bureau of Investigation*, 35 F.4th 762, 776 (9th Cir. 2022) (recognizing a "stigma-plus" test)); *see also Magassa v. Mayorkas*, 52 F.4th 1156, 1168-69 (9th Cir. 2022) (requiring the plaintiff to "show that the government has made stigmatizing statements and that he has lost something tangible"). In other words, a due process claim requires that the state have altered a right protected under state law, and enjoyment of one's reputation is not guaranteed by state law. *Paul*, 424 U.S. at 711-12. Second, Plaintiff alleges he was deprived of his property interest in career advancement. A person does not have a property interest in his expectation of promotion; to qualify as a property interest he must have an entitlement to promotion. *Nunez v. City of Los Angeles*, 147 F.3d 867, 872-73 (9th Cir. 1998) (finding that nothing in California law created a property interest in promotion for police officers). Nor does an individual have a due process right to a specific job. *Magassa*, 52 F.4th at 1169. Because a person's reputation, alone, and his right to career advancement are not property interests protected by the Due Process Clause, Petitioner has not stated a procedural or substantive due process claim based on those interests.

Plaintiff also alleges that he was deprived of a liberty interest in bodily integrity. Liberty interests may exist by virtue of the Constitution itself or "may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209,

221 (2005). Substantive due process protects certain liberty interests from state interference; however, the protected interests are narrow and "[o]nly those aspects of liberty that we as a society traditionally have protected as fundamental are included within the substantive protection of the Due Process Clause." *Franceschi v. Yee*, 887 F.3d 927, 937 (9th Cir. 2018) (quoting *Mullins v. Oregon*, 57 F.3d 789, 793 (9th Cir. 1995)). Bodily integrity is one of those fundamental interests that may be protected by substantive due process. *Moore v. East Cleveland*, 431 U.S. 494, 503 (1977). However, the interest at stake in a substantive due process analysis must be narrowly defined and a "careful description of the asserted fundamental liberty interest" is required. *Raich v. Gonzales*, 500 F.3d 850, 863 (9th Cir. 2007 (quoting *Glucksberg*, 521 U.S. at 721-22). Plaintiff has not articulated what violation to his bodily integrity was inflicted and by which Defendant(s). None of the allegations in his Complaint lend themselves to being interpreted as a violation of bodily integrity. Therefore, Plaintiff has failed to state a due process claim based on a liberty interest in bodily integrity.

Plaintiff fails to state a claim for a violation of procedural or substantive due process.

**Claims 7 and 10**

In Claim 7, Plaintiff alleges that Defendants Folks, Romero, Brennan, Berry, Deil-Amen, and Bertrand conspired to deny him his right to present civil rights complaints without retaliation in violation of 18 U.S.C. § 241. In Claim 10, Plaintiff alleges that Defendant Brennan knowingly misrepresented facts to the University of Arizona Police Department in violation of A.R.S. § 13-2907.01. Defendants move to dismiss these claims because the criminal statutes do not provide a private right of action. Plaintiff did not contest this argument in his response. He argued only that the Department of Justice should prosecute those that violate 18. U.S.C. § 241. (Doc. 23 at 15.)

In general, "a private party may not enforce a criminal statute through a civil action." *Smith v. Am. Red Cross*, No. CV-2002-10-TUC-DCB-LAB, 2020 WL 4904240, at *2 (D. Ariz. Aug. 20, 2020). And the criminal statutes cited by Plaintiff do not provide a basis for civil liability. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (upholding

dismissal of a civil claim premised on 18 U.S.C. § 241); *Jamali v. Hyatt*, No. 1 CA-CV 15-0234, 2016 WL 1158294, at *3 (Ariz. Ct. App. Mar. 24, 2016) (finding dismissal of a civil action for false reporting to law enforcement under A.R.S. § 13-2907.01 appropriate because individual did not have standing to prosecute criminal violations) (citing Ariz. R. Crim. P. 2.1, 2.2 (limiting commencement of criminal actions to an information, indictment, or complaint, which cannot be filed by private individual)). Therefore, Claims 7 and 10 must be dismissed with prejudice.

### Claims 12 and 13

In Claim 12, Plaintiff alleges all Defendants retaliated against him in violation of ABOR Policy 1-119(C)(4) by taking adverse actions against him for engaging in protected activity. (Doc. 1 ¶¶ 43, 477.) In Claim 13, Plaintiff alleges all Defendants violated ABOR Policy 6-914(D) by taking adverse actions against him in retaliation for his disclosure of information on matters of public concern. (Doc. 1 ¶¶ 44, 480.) These policies do not allow for individuals to file a cause of action in court. (Doc. 18, Exs. 9, 10.) The exception is ABOR Policy 6-914, which provides for judicial review of a hearing officer's final decision on a whistleblower complaint. (Doc. 18, Ex. 10(L)(1)(5).) The Complaint does not allege that Plaintiff filed a whistleblower complaint and received a final decision from a hearing officer under ABOR Policy 6-914; therefore, no judicial review is warranted. Because the cited ABOR Policies do not provide a basis for a civil court action, Claims 12 and 13 must be dismissed with prejudice.

### MOTION TO DISMISS CLAIMS 8, 9, AND 11 FOR FAILURE TO SERVE A NOTICE OF CLAIM[3]

In Claim 8, Plaintiff alleges all Defendants retaliated against him in violation of A.R.S. § 41-1464(A). In Claim 9, Plaintiff alleges Defendants Folks and Brennan violated his right to engage in expressive activity on campus pursuant to A.R.S. § 15-1864(C). In Claim 11, Plaintiff alleges Defendants Folks and Brennan violated his right to due process

---

[3] Defendants also included Claim 10 in this argument. Because the Court finds Claim 10 should be dismissed with prejudice because there is no civil action available based on the cited statute, the Court does not evaluate Defendants' argument that Claim 10 also should be dismissed based on Plaintiff's failure to serve a notice of claim.

under the Arizona Constitution. Defendants argue that Plaintiff did not submit a notice of claim as to these state law claims and, therefore, they are subject to dismissal.

Arizona law requires that a person with a claim against a public entity or public employee "shall" file a claim with that entity or person within 180 days of the accrual of the cause of action. A.R.S. § 12-821.01(A). If such a claim is not filed, the claim is barred "and no action may be maintained thereon." *Id.* A timely notice must have been served on each named Defendant separate from serving a notice on ABOR. *See DeBinder v. Albertson's Inc.*, No. CV 06-1804-PCT-PGR, 2008 WL 828789, at *3 (D. Ariz. Mar. 26, 2008) ("[I]t is clear that [Arizona] law requires that service be made on public employees, in addition to the entities that employ them, as a prerequisite to any lawsuit against such employees."). "Arizona courts have held that plaintiffs who do not strictly comply with § 12-821.01(A) are barred from bringing suit." *Crick v. City of Globe*, 606 F. Supp. 3d 912, 916 (D. Ariz. 2022) (citing *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230, 215 Ariz. 344, 351 (Ct. App. 2007)). Each Defendant submitted a declaration averring that Plaintiff had not served the Defendant with a notice of claim. (Doc. 18, Exs. 1-8.)

Plaintiff did not counter the declarations submitted by Defendants or assert that he served any Defendants with a notice of claim under the statute. Instead, he raised three arguments: A.R.S. § 12-821.01(A) does not apply to federal cases; the Local Rules of this Court do not contain a notice of claim requirement; and the Attorney General waived service of process as to five of the individual Defendants. (Doc. 23 at 6.) First, the Ninth Circuit holds that A.R.S. § 12-821.01(A) applies to claims raised in federal court if they are based on state law. *Ellis v. Salt River Project Agric. Improvement & Power Dist.*, 24 F.4th 1262, 1270-71 (9th Cir. 2022). Because this statute applies in federal court to state law claims, no duplicative Local Rule is necessary. Next, the Attorney General waived service of process as to this lawsuit, under Federal Rule of Civil Procedure 4(d), not as to a state law notice of claim. (Doc. 10.) Service of process for a federal case is unrelated to Plaintiff's obligation to serve a notice of claim under state statute prior to asserting state

law claims in a complaint. In sum, Plaintiff did not establish that service of a notice of claim was not required prior to including Claims 8, 9, and 11 in his Complaint.

Because Defendants' motion as to Claims 8, 9, and 11 relies upon information not alleged in the Complaint – Defendants' declarations – the Court cannot rule on this issue under Federal Rule of Civil Procedure 12(b)(6). Defendants suggest the Court could treat it as a Rule 12(b)(5) motion for insufficient process, which would allow consideration of Defendants' attachments. (Doc. 18 at 13 n.1 (citing *Taraska v. Ludwig*, No. CV-12-2544-PHX-DGC, 2013 WL 655124, at *4 (D. Ariz. Feb. 21, 2013).) The Court is not inclined to adopt this procedure. One of the reasons is that, when the Court directed Plaintiff to respond to Defendants' motion, it did not notify him that he could submit evidence to rebut Defendants' argument regarding the notice of claim. (Doc. 19.) Regardless, the Court finds dismissal of these claims is warranted because Plaintiff failed to respond to Defendants' argument that he did not serve the required notices of claim. *See* LRCiv 7.2(i) (allowing the Court to grant a motion if the party fails to file a response); *Perkins v. Spencer*, No. CIV-07-1963-PHX-MHB, 2008 WL 4418145, at *5 n.4 (D. Ariz. Sept. 29, 2008) (finding the local rules provided a basis to dismiss the state law claims based on an insufficient notice of claim as to the plaintiff because the plaintiff failed to respond to that argument); *Dillon v. Arizona*, No. CV-08-0796-PHX-GMS, 2008 WL 4628475, at *4 (D. Ariz. Oct. 17, 2008) (finding the plaintiff consented to granting of the motion, pursuant to the local rules, by failing to respond to one of defendants' arguments) (citing *Currie v. Maricopa Cnty. Cmty. College Dist.*, No. CV-07-2093, 2008 WL 2512841, at *2 n. 1 (D. Ariz. June 20, 2008)). Plaintiff should not be precluded from including these claims in an amended complaint, if he can overcome Defendants' argument based on A.R.S. § 12-821.01(A).

## AMENDMENT

The Court evaluates whether there is a possibility that Plaintiff can cure the defects in his complaint. *See Doe*, 58 F.3d at 497. Claims 1, 2, and 5 cannot be amended to cure the prohibition on bringing Title VII and Title IX claims against individuals; therefore, amendment is not warranted as to those claims against the individual Defendants. Claims

7 and 10 are based on criminal statutes and Claims 12 and 13 are based on ABOR Policies. Neither the criminal statutes nor the internal policies provide for a civil court action in the circumstances alleged by Plaintiff. Therefore, amendment as to those claims is not warranted as to any Defendant.

As to the remaining claims, the Court cannot foreclose the possibility that Plaintiff could amend to state a claim; therefore, amendment is warranted. When dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). The Court has provided the reasons for dismissal of each individual claim but also provides general guidance for purposes of amendment.

Under Federal Rule 8(a), Plaintiff's amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). As noted in the Background section, the Complaint is extremely long and contains an unnecessary level of detail. Although the Court is not dismissing it based on that fact, the Ninth Circuit notes that courts are not obligated to allow a complaint to stand regardless of its "length and opacity." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (citing cases that upheld Rule 8(a) dismissals of pleadings that were "needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling."). The level of detail in the Complaint is a hinderance rather than a help in setting forth Plaintiff's claims. Plaintiff should limit the allegations to only those facts necessary to state each remaining claim. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (holding that, to survive a Rule 12(b)(6) motion to dismiss, a complaint "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570).

1    Although Plaintiff may incorporate factual allegations from earlier in the pleading
2 into each count, he must articulate enough facts to place Defendants on notice of the
3 grounds on which each count rests. *Twombly*, 550 U.S. at 555. Similarly, Plaintiff cannot
4 merely recite the elements of a cause of action without offering the factual support for the
5 claim. *Iqbal*, 556 U.S. at 678. For example, if Plaintiff is alleging that he was subjected to
6 one or more adverse employment actions, he should identify what actions the specific claim
7 relies upon and by which Defendant, rather than making a conclusory statement that he
8 was subjected to adverse actions and relying upon hundreds of prior factual allegations.
9 *See Chagolla v. Vullo*, No. CV-17-01811-PHX-SPL, 2018 WL 10602297, at *2 (D. Ariz.
10 Mar. 30, 2018) ("Where a complaint contains the factual elements of a cause, but those
11 elements are scattered throughout the complaint without any meaningful organization, the
12 complaint does not set forth a 'short and plain statement of the claim' for purposes of Rule
13 8.") (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988)).
14 Additionally, although Plaintiff indicated which Defendant was named as to each count,
15 he did not clearly articulate what each Defendant did that harmed him with respect to each
16 cause of action. *See Casavelli v. Johanson*, No. CV-20-00497-PHX-JAT, 2020 WL
17 4732145, at *9-10 (D. Ariz. Aug. 14, 2020) (dismissing a complaint after characterizing it
18 as a shotgun pleading because, in part, it was not clear which defendant was responsible
19 for what acts or omissions).

20    If Plaintiff chooses to file an amended complaint, he should include only the claims
21 that remain after the District Judge enters a final order on the motion to dismiss. The Court
22 cautions Plaintiff that he may include Claims 8, 9, and 11 in an amended complaint only if
23 he can allege in good faith that he served a timely notice of claim, pursuant to A.R.S. § 12-
24 821.01(A) on each Defendant named. Plaintiff also cannot recover for harms inflicted on
25 his wife or other employees; he has standing to allege only harm he suffered. *See Spokeo,*
26 *Inc. v. Robins*, 578 U.S. 330, 338 (2016), as revised (May 24, 2016) (holding that standing
27 to bring a claim requires a plaintiff to allege that he "(1) suffered an injury in fact, (2) that
28 is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be

redressed by a favorable judicial decision."). Additionally, in his Response to the Motion to Dismiss, Plaintiff argued that the factual allegations underlying Counts 10, 12, and 13 should be considered as to other counts. (Doc. 23 at 15, 16.) If Plaintiff believes the factual allegations he included within those claims are relevant to other claims, he may include them as to the other claims in an amended complaint.

An amended complaint must contain all allegations a plaintiff is asserting against a defendant, as the original complaint will be superseded by an amendment and any arguments not included in the amendment are waived. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925-28 (9th Cir. 2012). Plaintiff is reminded of his obligation to comply with all rules of procedure and Court orders, regardless of his pro se status. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Failure to do so may result in dismissal of the action. Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). If Plaintiff does not file an amended complaint within the deadline set by the District Judge, this case will be subject to dismissal without further notice.

Plaintiff is reminded that the Court has an advice clinic for people that are representing themselves. (Doc. 4.) If Plaintiff chooses to seek advice through the clinic, he should click the button that says, "Apply for help" at https://www.stepuptojustice.org/.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order granting Defendants' Motion to Dismiss (Doc. 18). The Magistrate Judge recommends dismissal with prejudice of: Claims 1, 2, and 5 as to all individual Defendants, Robbins, Folks, Brennan, Romero, Deil-Amen, Berry, and Bertrand; Claim 7 in entirety (brought against Defendants Folks, Brennan, Romero, Deil-Amen, Berry, and Bertrand); Claim 10 in entirety (brought against Defendant Brennan); and Claims 12 and 13 in entirety (brought against all Defendants). The Magistrate Judge further recommends granting Plaintiff leave to amend the remaining claims – Claims 1, 2 and 5 only as to Defendant

ABOR, and Claims 3, 4, 6, 8, 9, and 11 as to all named Defendants – in accord with the Court's directions.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived.

Dated this 30th day of September, 2024.

_____
Honorable Lynnette C. Kimmins
United States Magistrate Judge