**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keiron Bailey,<br><br>          Plaintiff,<br><br>v.<br><br>Arizona Board of Regents, et al.,<br><br>          Defendants. | No. CV-23-00557-TUC-AMM (LCK)<br><br>**ORDER** |

On May 15, 2025, Magistrate Judge Lynnette C. Kimmins issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants University of Arizona ("University"), Arizona Board of Regents ("ABOR"), Robert Robbins, Liesl Folks, Diane Brennan, Andrea Romero, Regina Deil-Amen, Robert Berry, Melanie Bertrand, and Mary Beth Tucker's Motion to Dismiss. (Doc. 63.) On May 30, 2025, pro se Plaintiff Keiron Bailey filed written objections. (Doc. 67.) Defendants did not respond. Upon de novo review, the Court will overrule Plaintiff's objections and adopt the R&R.

**I.     Standard of Review**

The standard of review applied to a magistrate judge's report and recommendation depends on whether a party files objections. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). A district court need not review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Id.* at 150.

///

If, however, a party objects, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). Although the district court is not required to review an issue de novo absent a proper objection, the statute "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## II.  Uncontested Factual Background

Because neither party objected to the Magistrate Judge's narration of the facts in this matter, the Court will incorporate by reference the facts as articulated by the Magistrate Judge. (Doc. 63 at 1–2.)

## III.  Plaintiff's Objections

As a threshold matter, Plaintiff did not object to the Magistrate Judge's recommendation that the Court dismiss Counts VII, VIII, and IX for failure to serve a timely notice of claim. (Doc. 63 at 4–6; Doc. 67 at 1.) Accordingly, the Court will not review this finding de novo and will adopt the Magistrate Judge's well-reasoned recommendation as to Counts VII, VIII, and IX.[1]

The Court will address in turn the Magistrate Judge's findings and Plaintiff's objections as to Counts I through VI.

### a.  Count I: Title VII Retaliation

The Magistrate Judge determined that Plaintiff failed to state a Title VII retaliation claim in Count I "[b]ecause the Amended Complaint does not specify the occasions on which Plaintiff opposed a practice protected by Title VII and which adverse actions he alleges are causally connected to that protected conduct . . . ." (Doc. 63 at 6–7.) The Magistrate Judge highlighted that Plaintiff relied on facts that he did not include in the Amended Complaint to oppose Defendants' Motion to Dismiss. (*Id.* at 7.) She

---

[1] The only claim against Defendant University of Arizona is Count VII. (Doc. 63 at 16.) Because the Court will dismiss Count VII with prejudice, it will also dismiss with prejudice Defendant University of Arizona.

- 2 -

recommended dismissing Count I with leave to amend if Plaintiff can articulate the specific protected activities he engaged in, the adverse actions he endured, and a causal connection between the two. (*Id.* at 7, 16–20.)

Plaintiff's objections as to Count I are a recitation of the same factual allegations he put before the Magistrate Judge in opposing the Motion to Dismiss. (Doc. 67 at 2–10.) These are not proper objections.

First, objections "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work" and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge."). Plaintiff does not articulate why the Magistrate Judge erred in assessing these allegations. He merely repeats them.

Second, as the Magistrate Judge emphasized, Plaintiff must rely solely on the allegations contained in his Amended Complaint and may not present new allegations in opposing the Motion to Dismiss.

Accordingly, the Court will not address de novo each of Plaintiff's factual allegations contained in his objections to Count I and will adopt the Magistrate Judge's recommendation to dismiss with leave to amend. As the Magistrate Judge thoroughly explained, if Plaintiff chooses to file a Second Amended Complaint, he must re-assert each of his factual allegations anew. (*See* Doc. 63 at 16–20.)

**b. Count II: Title IX Retaliation**

The Magistrate Judge next found that Plaintiff failed to state a claim for Title IX retaliation because he did not present "sufficient allegations to link specific adverse actions to protected activity." (*Id.* at 8.) The Magistrate Judge observed the "lengthy time" between when Plaintiff alleges that he first complained about sex discrimination in December 2017 and the first alleged adverse action in July 2022. (*Id.* at 8–9.)

In his objections, Plaintiff asserts that he protested harassment and sex

discrimination "on many more than the two occasions referenced" and repeats the instances wherein he protested. (Doc. 67 at 2–7.) This, however, does not fully address the deficiency that the Magistrate Judge identified. Plaintiff's repeated allegations do nothing to articulate a link between the alleged adverse actions and the instances of protest he details. The fact that Plaintiff alleges his protests happened "prior to the first retaliation being delivered . . ." is not a sufficient link. (*Id.* at 6.) Although proximity in time can support a causal connection between the protected activity and the adverse action, simply alleging that one happened before the other does not. *See Emeldi v. Univ. of Oregon*, 698 F.3d 715, 726–27 (9th Cir. 2012).

Plaintiff proceeds to summarize all the adverse actions that he explains were already submitted as part of his Amended Complaint. (*Id.* at 7–10.) Plaintiff states that "[t]hese actions did not happen spontaneously or randomly[,]" but he does not extrapolate any link to his alleged protests against sex discrimination. (*Id.* at 8.)

Upon de novo review, the Court finds that Plaintiff has not presented a sufficient link between his protected activity opposing sex discrimination and the allegations that he suffered adverse employment actions as a result. Accordingly, the Court will adopt the Magistrate Judge's recommendation to dismiss Count II with leave to amend.

### c. Count III: Equal Protection Violation

The Magistrate Judge further found that Plaintiff failed to state an equal protection claim in Count III because Plaintiff did not allege that Defendants' conduct was based on his sex, which the Magistrate Judge presumed is male. (Doc. 63 at 9.) She emphasized that, in Count III, Plaintiff alleges his equal protection rights were violated because he protested sex discrimination. (*Id.*) The Magistrate Judge correctly explained that retaliation for opposing sex discrimination is the basis for Counts I and II and not a proper basis for an equal protection claim. (*Id.*)

In his objections, Plaintiff argues that he was treated differently than similarly situated female colleagues because they were "not denied service, excluded from offices for multiple three-week periods, had their office locks changed nonprocedurally, experienced fraudulent [University of Arizona Police Department ("UAPD")] callout by

HR, nor were they fired from their long-held tenured posts without required cause, for protesting harassment and discrimination." (Doc. 67 at 11.)

The Court will adopt the Magistrate Judge's recommendation as to Count III in part. The Court finds that Plaintiff's Amended Complaint does not sufficiently allege that he was discriminated against *because* of his sex. However, to the extent that Plaintiff intends to allege that he was treated differently than similarly situated females who also protested sex discrimination *because* he is male, the Court will permit Plaintiff leave to amend Count III. If he chooses to amend, Plaintiff must articulate which females were similarly situated, how they were similarly situated, in what ways they also protested sex discrimination, when and how these protests occurred, and in what ways Plaintiff asserts that he was treated differently than those females.

### d. Count IV: First Amendment Retaliation

As to Count IV, the Magistrate Judge concluded that Plaintiff failed to state a First Amendment retaliation claim because he failed to "link specific protected activity to particular adverse actions." (Doc. 63 at 11.) The Magistrate Judge further found that "Plaintiff failed to identify which Defendant(s) engaged in each alleged adverse action." (*Id.*) She recommended dismissal with leave to amend Count IV if Plaintiff can affirmatively link his alleged adverse actions to his protected speech and identify which Defendants were involved in which retaliatory actions. (*Id.* at 16–20.)

Plaintiff appears to object to this finding by including a section titled "First Amendment rights" in his objections. (Doc. 67 at 13.) However, this Court cannot discern any specific objection to the Magistrate Judge's findings that Plaintiff's Amended Complaint fails to allege affirmative links between the adverse actions he endured and his protected speech. He similarly fails to articulate any argument as to why his Amended Complaint sufficiently identifies which Defendants were involved in which adverse actions. Accordingly, the Court will overrule Plaintiff's non-specific objections as to Count IV and adopt the Magistrate Judge's recommendation to dismiss with leave to amend.

///

### e. Count V: "Violation of Title IX Creating a Heightened Risk"

Next, the Magistrate Judge found that Plaintiff failed to state a claim in Count V because Plaintiff did not offer a clear legal theory. (Doc. 63 at 11–12.) Plaintiff titled this claim "Violation of Title IX Creating a Heightened Risk." (Doc. 31 at 112.) The Magistrate Judge reasoned that, to the extent Plaintiff alleges that he was retaliated against for protesting sex discrimination, this is the basis for Counts I and II. (Doc. 63 at 12.) The Magistrate Judge further explained that, of the two other possible legal theories, neither applies because Plaintiff has not properly alleged that he was discriminated against based on his sex or that he suffered sexual harassment. (*Id.*)

Plaintiff objects by arguing, again, that he was "denied fair and equal consideration of his retaliation complaints because he is a member of this class" of "white male[s] who do[] not identify as LGBTQ." (Doc. 67 at 11.) Plaintiff's objections offer no clarification about the legal theory underlying Count V, nor do they undermine the Magistrate Judge's conclusion that Plaintiff has failed to state a claim under any applicable and cognizable theory. Plaintiff's Count V also fails to state a claim to the extent he duplicates his claims that he was retaliated against for opposing sex discrimination (Counts I and II) or that his equal protection rights were violated (Count III). The Court will, therefore, overrule Plaintiff's objections and adopt the Magistrate Judge's recommendation to dismiss Count V.

### f. Count VI: Due Process Violation

Finally, the Magistrate Judge found that Plaintiff failed to state a claim that Defendants denied him substantive and procedural due process protected by the Fifth and Fourteenth Amendments. (Doc. 63 at 12–15.) Regarding substantive due process, the Magistrate Judge explained that none of the adverse actions Plaintiff has identified rise to the requisite level of "shock[ing] the conscience." (*Id.* at 13 (quoting *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006)).)

The Magistrate Judge further found that Plaintiff failed to identify "a constitutionally protected liberty or property interest" as is a necessary element of a procedural due process claim. (*Id.* at 13 (quoting *United States v. 101 Houseco, LLC*, 22

F.4th 843, 851 (9th Cir. 2022)).) The Magistrate Judge explained that reputation and career advancement, alone, are not cognizable property or liberty interests. (*Id.* at 14–15.) She highlighted that a person does not have a right to a specific job or "a property interest in his expectation of promotion; to qualify as a property interest he must have an <u>entitlement</u> to promotion." (*Id.* at 14–15.)

The Magistrate Judge further explained that Plaintiff failed to state a claim based on his allegation that he was deprived a liberty interest in bodily integrity. (*Id.* at 15.) Although this is a protected liberty interest, Plaintiff did not articulate what violation to his bodily integrity was inflicted. (*Id.*)

In his objections, Plaintiff asserts that Defendants "fraudulently harnessed [UAPD] via their abuse of a campus exclusion policy which Plaintiff contends should never have been directed at Plaintiff and under which policies as well as State law governing PD callout to cases involving 'probable cause' or reasonable suspicion'. . . he should never have been subjected to any police action or police-enforceable action." (Doc. 67 at 16.)

Plaintiff's argument is not entirely clear. However, to the extent Plaintiff intends to argue that these alleged actions sufficiently shock the conscience, the Court will overrule his objection. As the Magistrate Judge explained, "[o]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Brittain*, 451 F.3d at 991 (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). "Such conduct can be shown by 'conduct intended to injure in some way unjustifiable by any government interest.'" *Id.* (quoting *Lewis,* 523 U.S. at 849). Plaintiff alleges that UAPD issued him a three-week office exclusion order based on reports from colleagues that he was a "threat." (*See* Doc. 31 at 51–54.) Although Plaintiff disputes the motive or truthfulness behind these reports, his allegations do not establish that UAPD acted egregiously with no justifiable government interest.

Plaintiff also objects to the Magistrate Judge's finding that Plaintiff's career advancement is not a protected interest. (*Id.* at 14.) He argues that tenured faculty have a property interest in the tenured position. (*Id.*) However, in the Amended Complaint,

- 7 -

Plaintiff alleges that he "filed his application for promotion to Full Professor in July 2022" and was denied the promotion in December 2022. (Doc. 31 at 34, 47.) He does not allege that he was entitled to this promotion.

Upon de novo review, the Court finds that Plaintiff has failed to state either a substantive or procedural due process claim. The Court will overrule his objections and adopt the Magistrate Judge's recommendation to dismiss Count VI.

### IV. Conclusion

For the foregoing reasons, the Court will adopt the R&R, including the recommendation to allow Plaintiff to file a Second Amended Complaint as to Counts I, II, and IV only. If he chooses to file a Second Amended Complaint, Plaintiff must limit that complaint to no more than thirty (30) pages. Plaintiff is directed to closely review the Magistrate Judge's R&R in which she explains in detail what is required if Plaintiff chooses to file a Second Amended Complaint. (*See* Doc. 63 at 16–20.)

Accordingly,

**IT IS ORDERED** that:

(1) The Report and Recommendation is **ADOPTED IN PART**. (Doc. 63.)

(2) Defendants' Motion to Dismiss is **GRANTED**. (Doc. 42.)

(3) Counts V, VI, VII, VIII, and IX are **DISMISSED WITH PREJUDICE**.

(4) Defendant University of Arizona is **DISMISSED WITH PREJUDICE**.

(5) Counts I, II, III, and IV are **DISMISSED WITH LEAVE TO AMEND**.

(6) Plaintiff may file a Second Amended Complaint as to Counts I, II, III, and IV only no later than **October 17, 2025**. The Second Amended Complaint **shall not** exceed thirty (30) pages. Plaintiff shall comply with the pleading requirements and restrictions as articulated by the Magistrate Judge and as adopted by this Court.

Dated this 16th day of September, 2025.

Honorable Angela M. Martinez
United States District Judge