IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Keiron Bailey,

Plaintiff,

v.

Arizona Board of Regents, et al.,

Defendants.

No. CV-23-00557-TUC-AMM (LCK)

**REPORT AND RECOMMENDATION**

Defendants Arizona Board of Regents ("ABOR"), Robert Robbins, Liesl Folks, Diane Brennan, Andrea Romero, Regina Deil-Amen, Robert Berry, Ron Marx, Melanie Bertrand, and Laura Johnson filed a Motion to Dismiss Plaintiff Keiron Bailey's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 75, 82.) Plaintiff responded,[1] and Defendants replied. (Docs. 86, 89.) Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Kimmins for Report and Recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, grant the motion in part and deny it in part.

---

[1] Plaintiff's response is single spaced with 44 lines per page in violation of LRCiv 7.1.(b)(1), which states: "The body of all documents shall be typed double-spaced and shall not exceed 28 lines per page[.]" Because Plaintiff's response is well-below the page limit, the Court will not strike it. However, Plaintiff is on notice of the rule for future filings and must comply with the Rules of Practice and Procedure of the U. S. District Court for the District of Arizona, available here: https://www.azd.uscourts.gov/sites/azd/files/local-rules/LRCiv%202025.pdf.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2023, Plaintiff filed a Complaint against the University of Arizona, ABOR,[2] and seven individuals employed at the University. (Doc. 1.) The Complaint was almost 400 paragraphs in length and raised 13 claims. (*Id.*) Defendants filed a motion to dismiss, which the Court granted with leave for Plaintiff to amend. (Doc. 30.) Plaintiff filed a longer Amended Complaint that alleged nine claims against ABOR and eight individual Defendants: retaliation in violation of Title VII against ABOR (Claim 1); retaliation in violation of Title IX against ABOR (Claim 2); denial of equal protection against the individuals (Claim 3); retaliation in violation of the First Amendment right to free speech against Robbins, Folks, Romero, Brennan, Berry, Deil-Amen, and Bertrand (Claim 4); violation of Title IX against ABOR (Claim 5); violation of the Due Process Clause against the individuals (Claim 6); violation of A.R.S. § 41-1464A against all Defendants (Claim 7); violation of A.R.S. § 15-1864C against Folks and Brennan (Claim 8); and violation of the Due Process Clause of the Arizona Constitution against Folks and Brennan (Claim 9). (Doc. 31.) On motion of Defendants, the Court dismissed the University and Claims 5-9 with prejudice. (Doc. 74 at 8.) The Court dismissed Claims 1-4 with leave to amend. (*Id.*)

Plaintiff filed a Second Amended Complaint against ABOR and nine individuals, the seven named in the original Complaint and two Defendants named for the first time. (Doc. 75.) He alleged Claims 1-4, as to which the Court had granted leave to amend. (*Id.*) And he added a new Claim 5 alleging conspiracy under 42 U.S.C. § 1985 against the individual Defendants. (*Id.* at 27-28.) Plaintiff followed the Court's 30-page limit but attached approximately three hundred and fifty pages of exhibits. (Docs. 75-2, 75-3.)

## DISCUSSION

Defendants argue that the Second Amended Complaint should be dismissed because Plaintiff attached voluminous exhibits in violation of the Court's 30-page limit; Claims 1-

---

[2] Plaintiff was employed at the University of Arizona, and his Second Amended Complaint is based on conduct of University employees; however, ABOR is the proper Defendant. *Ansel Adams Publ'g Rts. Tr. v. PRS Media Partners, LLC*, 502 F. App'x 659, 660 (9th Cir. 2012).

4 fail to state a claim for relief; and Plaintiff added a new claim and two new Defendants without leave of Court. As the Court has explained to Plaintiff, when adjudicating a Rule 12(b)(6) Motion to Dismiss the Court looks only at the allegations in the complaint. (Doc. 63 at 2; Doc. 29 at 2-3.) The Court will not dismiss the complaint because Plaintiff attached exhibits, but it will not consider them in ruling on the motion to dismiss.

**Standard Of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (internal quotation marks omitted). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678-79 (interpreting Rule 8(a) and explaining that there must be specific, non-conclusory factual allegations sufficient to support a finding by the court that the claims are more than merely possible, they are plausible.). A mere formulaic recitation of the elements of a cause of action is not sufficient to establish a claim, and legal conclusions are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 679. Dismissal is only appropriate if the complaint's factual allegations, together with all reasonable inferences drawn in the plaintiff's favor, fail to state a plausible claim that Defendant is liable for the alleged misconduct. *Id*. at 678.

Where the pleader is *pro se*, the pleading should be liberally construed in the interests of justice. *Erickson v. Pardue*, 551 U.S. 89, 94 (2007); *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975). However, the Court is not to serve as an advocate of a *pro se* litigant in attempting to decipher a complaint. *See e.g., Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("judges have no obligation to act as counsel or paralegal to pro se litigants" because this would "undermine [] judges' role as impartial decisionmakers"); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 160 F.3d 567 (9th Cir. 1998). Additionally, when a court grants dismissal, it "should grant leave to amend even if no request to amend the pleading was made, unless it

- 3 -

determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (quoting *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)).

**<u>Claim 1</u>**

Plaintiff brings this claim against ABOR alleging retaliation under Title VII. He alleges that due to his participation in protected activities (opposing gender-based discrimination), he was treated differently. It is unlawful for an employer to discriminate against an employee "because he has opposed any practice" made unlawful by Title VII, including bringing an EEOC charge. 42 U.S.C. § 2000e-3(a). This clause protects employees if they oppose "what they reasonably perceive as discrimination" under Title VII, meaning discrimination against employees protected by Title VII based on "race, color, religion, sex, or national origin." *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988); *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994). To establish a retaliation claim, Plaintiff must show that he engaged in a protected activity, he was subjected to an adverse employment decision, and the adverse action was causally linked to his protected activity. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).

Plaintiff alleged that his wife was subjected to sex-based harassment by her University supervisor on December 17, 2017, and, thereafter, he complained within the University, and externally, about harassment and discrimination.[3] (Doc. 75 ¶¶ 38, 39, 79-87.)[4] He also alleged that he opposed sex-based discrimination in a June 2020 joint complaint filed with two women to the U.S. Department of Education, Office for Civil

---

[3] Plaintiff also alleged that he protested "public safety failures," but those protests were not connected to discrimination based on a category protected by Title VII. (Doc. 75 ¶¶ 41, 49.)

[4] Plaintiff alleged that he protested harassment and discrimination to: OGC, the President, Provosts, and Vice Provosts of the University between 2017 and 2020; ABOR in November 2019 and May 2023; FARW Committee in January 2020; Title IX office in March 2020; SGDE mailing list in June 2020; colleagues at faculty meetings between 2021 and 2023; Higher Learning Commission in April 2021; OCR in September 2022; DOJ Civil Rights Division beginning in September 2022; Arizona Attorney General in October 2022; College of Education Faculty Senate Forum in October 2022 and February 2023; EEOC in November 2022; WSCUC Accreditation visit in January 2023; Committee of Eleven in February 2023; and Faculty Senate in February 2023 and May and October 2024. (Doc. 75 ¶¶ 39, 79-80, 82-85, 87.)

Rights. (*Id.* ¶ 81.) He alleged that he began to experience retaliation from Defendants in early 2022. (*Id.* ¶ 43.) He alleged the following adverse actions: Defendants Deil-Amen and Romero issued an unwarranted performance review in July 2022; Defendants Berry and Deil-Amen denied him membership on the College Safety Committee; Defendants Bertrand and Deil-Amen removed him from the Search Committee; Defendants Folks and Brennan issued a three-week office exclusion in February 2023; Defendants Deil-Amen and Bertrand triggered a Performance Improvement Plan for Plaintiff in February 2023, based on a contested annual performance review; Defendants Folks and Brennan issued a second three-week office exclusion in April 2023; Defendants Folks and Berry denied Plaintiff a promotion in April 2023; Defendant Brennan made an unfounded call to the University PD regarding Plaintiff on May 4, 2023; Defendants Folks and Brennan issued a full campus exclusion in May 2023; Defendant Folks recommended Plaintiff be dismissed, on May 28, 2023, which was rejected by the University president in August of that year; in January 2025, Defendant Romero denied Plaintiff's participation in a teaching webinar; and, in summer 2025, he was denied teaching opportunities. (*Id.* ¶¶ 44-45, 47-48, 51, 53, 55-56, 58, 60, 62-64, 72-73, 75.)

Defendant argues that Plaintiff's Second Amended Complaint did not include specific allegations of what harassment Plaintiff protested and to what adverse actions he was subjected. In making these arguments, Defendant referred only to the allegations within the body of Claim 1, while the Court considers the allegations in the entirety of the complaint.[5] First, Defendant argues that Plaintiff has failed to identify what harassment or discrimination he protested. The Court disagrees because Plaintiff clearly identified that he protested harassment of his wife that he believed was gender-based and he complained of sex-based discrimination along with two women in June 2020. (Doc. 75 ¶¶ 38, 39, 81.) Second, Defendant argues that Plaintiff did not identify any specific adverse actions. As

---

[5] In addressing prior motions to dismiss, the Court also looked primarily to the allegations within specific claims because the original complaint and First Amended Complaint were so lengthy that the Court was unable to parse out the relevant allegations. Because the factual allegations in the current complaint span less than eight pages (Doc. 75 at 10-16), the Court is able to liberally consider the whole pleading.

set forth above, Plaintiff identified numerous potential adverse actions. Trivial employment actions that would not have a deterrent effect do not qualify as adverse actions; however, examples of qualifying actions are "termination, dissemination of a negative employment reference, issuance of an undeserved negative performance review and refusal to consider for promotion." *Brooks v. City of San Mateo*, 229 F.3d 917, 928-29 (9th Cir. 2000). Although some of the conduct alleged by Plaintiff may not qualify, Plaintiff has alleged one or more adverse actions, and Defendant did not challenge any allegations as not meeting the standard. The Court finds that Defendant's motion to dismiss Claim 1 is without merit.

### Claim 2

Plaintiff brings this claim against ABOR alleging retaliation in violation of Title IX. He alleged that he engaged in protected activity by reporting sex-based discrimination and harassment and complaining about a lack of action on his reports. He contended that Defendant imposed adverse actions with knowledge of his reports of sex-based discrimination and harassment, and that the adverse actions would not have occurred but for his complaints.

Title IX is a broad-reaching statute that prohibits a recipient of federal education funding from discriminating based on sex, which encompasses intentional discrimination, deliberate indifference, and sexual harassment. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173-74 (2005) (citing 20 U.S.C. § 1681(a)). When a person that has complained of sex discrimination faces retaliation for those complaints, he has a right of action for intentional sex-based discrimination. *Id.* Plaintiff must allege that ABOR is a recipient of federal funding, he complained of sex-based discrimination, and ABOR retaliated against him because of those complaints. *Id.* at 184.

First, Defendant argues that Plaintiff pointed to only one instance in which he opposed sex discrimination, a June 2020 complaint to the U.S. Department of Education, Office for Civil Rights (Doc. 82 at 4 (citing Doc. 75 ¶ 41).) Although the Second Amended Complaint is not crystal clear, the Court liberally interprets Plaintiff's list of numerous

complaints in paragraphs 39 and 79-87, which span from 2018 to 2024, as instances in which he protested sex-based harassment of his wife (and possibly other women) (Doc. 75 ¶¶ 38, 39). *See supra* note 4. Second, Defendant argues that Plaintiff did not allege facts demonstrating a causal link between his activities opposing sex-based discrimination and the adverse employment actions. Plaintiff alleged that his complaints spanned a period of years during which he also alleged he was subjected to repeated adverse actions. Given the overlap in timing and Plaintiff's general allegation that the adverse actions were imposed due to his complaints, the Court finds Plaintiff's allegations adequate to state a claim for retaliation under Title IX.

**Claim 3**

Plaintiff alleges that Defendants Robbins, Brennan, Folks, Romero, Berry, Deil-Amen, Bertrand, and Marx violated his right to equal protection by discriminating against him on the basis of sex. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff must allege Defendants were motivated by a discriminatory purpose, which may be proven by way of comparators that were treated differently, but other direct or circumstantial evidence of motive also may be sufficient. *Ballou v. McElvain*, 29 F.4th 413, 424 (9th Cir. 2022). In allowing Plaintiff to amend this claim, the Court directed that an amendment must "articulate which females were similarly situated, how they were similarly situated, in what ways they also protested sex discrimination, when and how these protests occurred, and in what ways Plaintiff asserts that he was treated differently than those females." (Doc. 74 at 5.)

Plaintiff alleged that he is a heterosexual male "and does not belong to the DEI-favored class indulged by Defendants." (Doc. 75 ¶ 121.) Plaintiff alleged that female faculty members Drs. Hudson and Diaz complained about harassment and discrimination to OIE in 2019, and Dr. Hymel complained about harassment and discrimination to "unit

management" beginning in 2017. Plaintiff further alleged that these faculty members were not subjected to the type of adverse actions that Plaintiff suffered in retaliation for his complaints.

First, as argued by Defendants, Plaintiff has failed to allege sufficient similarity between himself and the women he identified. The only similarity he cited is that they raised complaints of discrimination and harassment in a similar time frame. However, he did not allege that they complained to the same people or entities that he did or that they complained of sex-based discrimination; and did not allege the same people at the University were in a position to respond or not respond to his complaints and those made by Drs. Hudson, Diaz, and Hymel. Similarly, he did not allege that one or more of the Defendants were in a position of authority such that they could have subjected Drs. Hudson, Diaz, or Hymel to retaliatory adverse actions.

Second, to state a claim under § 1983, there must be individual personal participation in the alleged deprivation of the constitutional right, it is not enough if Defendants were present or part of a group. *See Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. Plaintiff failed to allege specific actions by any individual Defendants with respect to this claim. He did not allege how any of the individually named Defendants acted with discriminatory purpose by treating him differently than a similarly situated female.

For these two reasons, the Court finds that Plaintiff has failed to state a claim that the named Defendants violated his right to equal protection.

**Claim 4**

Plaintiff alleged he engaged in protected speech on matters of public concern when he spoke about the harassment of women, discrimination against women, public safety, the denial of safeguarding, and Court and investigative processes. (Doc. 75 ¶¶ 137, 138.) Due to his public speech, he alleges that he was denied promotion by Defendant Folks; denied

workplace opportunities by Defendants Folks, Deil-Amen, Bertrand, and Berry; excluded from campus facilities by Defendants Folks and Brennan; defamed as a threat by Defendants Robbins, Brennan, Folks, Romero, Berry, Deil-Amen, Bertrand, and Marx; subjected to a fraudulent callout of campus police by Defendant Brennan; and dismissed without cause from his position by Defendant Folks. (*Id.* ¶ 139.) Additionally, Plaintiff alleges that Defendant Marx retaliated against him and engaged in "prior restraint" of his speech. (*Id.*) Plaintiff alleged Defendants' conduct was motivated by his protected speech, done with retaliatory intent, and would chill an ordinary person from exercising his First Amendment rights. (*Id.* ¶¶ 140, 141.)

A First Amendment retaliation claim requires Plaintiff to allege:

(1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action.

*Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010) (citing *Pinard v. Clatskanie School Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)). Speech is constitutionally protected at step one if it involves a matter of public concern and "the employee's interest in expressing himself must outweigh the State's interests in promoting workplace efficiency and avoiding workplace disruption." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 978 (9th Cir. 1998). "[F]or adverse, retaliatory actions to offend the First Amendment, they must be of a nature that would stifle someone from speaking out." *Blair*, 608 F.3d at 544 (explaining that the most common adverse actions are punishments that are "regulatory, proscriptive, or compulsory in nature," such as loss of a job, loss of a license, or accusations of criminal activity) (citing *Laird v. Tatum*, 408 U.S. 1, 11, (1972)).

First, Defendants suggested that Plaintiff did not adequately identify which Defendants engaged in which adverse actions, but they then acknowledged that Plaintiff "blame[d] certain adverse actions on Individual Defendants." (Doc. 82 at 7, 8.) As addressed with respect to Claim 1, Plaintiff alleged various occurrences that may qualify as adverse actions and attached one or more Defendants to each of those actions. (Doc. 75

¶¶ 44-45, 47-48, 51, 53, 55-56, 58, 60, 62-64, 72-73.) The Court finds this was sufficient to put Defendants Folks, Romero, Brennan, Berry, Deil-Amen, Bertrand, and Marx on notice of the adverse actions relevant to Claim 4. However, Plaintiff failed to allege adverse actions imposed by Defendant Robbins. Plaintiff made a general allegation that all Defendants defamed him as a threat. Even if that qualifies as an adverse action, which is not clear, the pleading contains no specific allegations that Defendant Robbins engaged in defamation. Therefore, Defendant Robbins should be dismissed from this claim.

Second, Defendants argue that Plaintiff failed to affirmatively link his protected speech with the alleged adverse actions. Plaintiff alleges that he spoke out about the harassment of his wife many times over a period of years in numerous forums. (Doc. 75 ¶ 39.) He also alleges that, by January 2023, all Defendants knew of his speech on these matters. (*Id.* ¶ 40.) As with Claims 1 and 2, because Plaintiff's speech was taking place before and throughout the period during which he alleges he was subjected to adverse actions, the Court finds he adequately has stated a First Amendment retaliation claim with respect to Defendants Brennan, Folks, Romero, Berry, Deil-Amen, Bertrand, and Marx. Therefore, the Court finds the motion to dismiss should be denied as to Claim 4 against those Defendants but granted as to Defendant Robbins.

**Claim 5**

Plaintiff alleges that all individual Defendants, including newly named Defendants Marx and Johnson, conspired to interfere with his civil rights by retaliating against him in violation of 42 U.S.C. § 1985(2). Defendants argued that the Court did not grant Plaintiff leave to add additional defendants or to include a § 1985 claim, and Defendants had not consented to such amendments. (Doc. 82 at 8.) In a prior Report and Recommendation, the undersigned informed Plaintiff that if he chose "to file a Second Amended Complaint, he may include only the claims that remain after the District Judge enters a final order on the motion to dismiss." (Doc. 63 at 19-20.) In turn, the District Judge gave Plaintiff leave to amend "as to Counts I, II, III, and IV only[.]" (Doc. 75 at 8.)

This Court has dismissed newly added claims in an amended pleading when the Court had given leave to amend only to cure identified deficiencies as to claims raised in the prior complaint. *See McDonough v. Bidwill*, No. CV-24-00764-PHX-DWL, 2025 WL 2673966, at \*4-5 (D. Ariz. Aug. 22, 2025) (collecting case cites); *Ward v. Figure Lending LLC*, No. CV-23-08116-PHX-SPL, 2023 WL 8455125, at \*2 (D. Ariz. Dec. 6, 2023) (dismissing a complaint for failure to comply with the limitations on the allowed amendment and because the amendment lacked subject matter jurisdiction); *Chandler v. Brennan*, No. CV-20-00924-PHX-DWL, 2021 WL 4503423, at \*3 (D. Ariz. Oct. 1, 2021). Because Claim 5 was beyond the scope of the permitted amendment, and Plaintiff did not otherwise have leave to add a new claim, this claim is subject to dismissal on that basis.

Plaintiff did not file a separate motion to amend to add Claim 5 but, within the Second Amended Complaint, he requested leave to add a new claim. (Doc. 75 at 2.) Therefore, the Court will review the proposed claim to determine whether Plaintiff has stated a claim for relief. Plaintiff cited both clauses of § 1985(2), which state:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or
>
> . . . .
>
> if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

The first clause of subsection (2) relates solely to access to federal courts. *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993). For a plaintiff to state a claim for retaliation under this first clause, he must allege "four elements: (1) a conspiracy by the defendants; (2) to injure a party or witness in his or her person or property; (3) because he or she attended federal court or testified in any matter pending in federal court; (4) resulting in injury or damages to the plaintiff." Administrative proceedings, such as the filing of an EEOC charge, are not a proceeding in federal court. *See Petricevic v. Shin*, No. CV-20-

- 11 -

00283-JAO-WRP, 2020 WL 13855975, at *5 (D. Haw. Sept. 25, 2020). Plaintiff alleged that he participated in numerous "proceedings," including internal complaints at the University, an EEOC charge, and complaints to federal agencies. But the only relevant proceeding as to Claim 5 is this federal lawsuit. Plaintiff has not alleged that Defendants impeded him from filing this case, he alleges only retaliation. Thus, to state a claim under this clause, Plaintiff must have alleged that Defendants conspired to injure him because he brought this lawsuit.

Plaintiff alleged, generally, that "one or more [D]efendants, by their conspiratorial actions, have violated" § 1985(2). (Doc. 75 ¶ 146.) He alleged that Defendants' harmful conduct began in early 2022 (*id.*); however, he did not initiate this lawsuit until December 13, 2023 (Doc. 1). Only actions after that date could have been undertaken in retaliation for Plaintiff filing this case. The alleged injurious actions Plaintiff identified after that date are Dr. Romero denying Plaintiff's participation in a teaching webinar (January 2025); Dr. Marx directing Plaintiff to stop speaking on certain topics (March 2025); and a "coordinated denial of teaching opportunity" not attributed to anyone (summer 2025). (*Id.* ¶¶ 72, 73, 75.)

First, Plaintiff did not allege any facts to support the core of a § 1985(2) claim—that Dr. Romero and Dr. Marx, or any other Defendants, conspired against him because he filed this lawsuit. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1990) *as amended on denial of reh'g and reh'g en banc* (Feb. 27 and May 24, 1991) ("A mere allegation of conspiracy without factual specificity is insufficient to support a claim.") (citing *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988)). Second, the post-December 2023 allegations occurred more than a year after Plaintiff initiated this litigation; and Plaintiff alleges that retaliatory actions began almost two years before he began this case. Thus, the timeline does not lend itself to the Court inferring a connection between Plaintiff's filing of the lawsuit and Defendants' actions. Second, the summer 2025 denial of teaching opportunities is not connected to any named Defendants. Therefore, those allegations are insufficient to state a § 1985(2) claim. For these reasons,

the Court finds that Plaintiff has failed to state a claim for relief under the first clause of § 1985(2).[6]

The second clause of § 1985(2) solely "concerns access to state or territorial courts." *Portman*, 995 F.2d at 909. Plaintiff has not alleged that he pursued any state court relief or was hindered from pursuing any state court relief. Thus, he also has not stated a claim for relief under the second clause of § 1985(2).

## CONCLUSION

The Court has determined that Defendants' Motion to Dismiss should be denied as to Claims 1 and 2 in entirety, and Claim 4 against Defendants Folks, Romero, Brennan, Berry, Deil-Amen, Bertrand, and Marx. The Court found that Defendants' Motion to Dismiss should be granted as to Claims 3 and 5, in entirety, and Claim 4 against Defendant Robbins. Because Defendant Robbins is named only as to Claims 3 through 5, which the Court finds should be dismissed as to him, Defendant Robbins should be dismissed from the case. Similarly, because Defendant Johnson is named only as to Claim 5, which the Court recommends be dismissed, she should be dismissed from the case. To prevent further delay in this litigation, now that Plaintiff has stated a claim for relief as to several claims, Defendants should be instructed to file an Answer as to Claims 1, 2, and 4 of the Second Amended Complaint.

The Court must evaluate whether Plaintiff should be allowed an opportunity to amend Claims 3 and 5 to cure the defects. *See Doe*, 58 F.3d at 497. As to Claim 3, Plaintiff has attempted three times to allege sufficient facts to state an equal protection violation. And the Court twice provided Plaintiff guidance on the defects of that claim. In his response

---

[6] There is an additional question as to whether Plaintiff could satisfy the portion of the statute requiring that the alleged retaliation be undertaken due to Plaintiff having "attended or testified" in this Court. The Ninth Circuit has acknowledged that there is a circuit split regarding whether the filing of a federal lawsuit is sufficient or whether actual attendance or testimony at a court proceeding is required. *Portman*, 995 F.2d at 909. In a subsequent unpublished opinion, the Ninth Circuit dismissed a § 1985(2) retaliation claim because the plaintiff alleged retaliation for the filing of a federal lawsuit without attendance or testimony in court. *Wright v. Brown*, 67 F.3d 311, at *4 (9th Cir. 1995) (finding "[t]his is not the type of conduct § 1985(2) was designed to address."). If the statute is interpreted to require Plaintiff's attendance or testimony in court, then Plaintiff also would fail to meet that element. *See Portman*, 995 F.2d at 909.

to Defendants' Motion to Dismiss, Plaintiff included additional allegations in an attempt to save this claim.[7] (Doc. 86 at 6-7.) Plaintiff argues that the fact that his immediate supervisors were different than those of the female complainants is irrelevant because they all were overseen at a higher level by Defendants Romero, Folks, and Robbins. The Court has found that Plaintiff failed to articulate any harmful actions by Defendant Robbins; therefore, his oversight is irrelevant. Further, Plaintiff has not articulated whether Defendants Folks and Romero (or other named Defendants) were involved with the complaints by female faculty. Plaintiff did not allege that he submitted complaints to the same people or entities to which the identified female faculty complained. Additionally, he submitted more than 15 complaints to 10 or more distinct groups, while the named females are only alleged to have brought one complaint each; this factor suggests they were not similarly situated. In the attachment to Plaintiff's responsive brief, Dr. Diaz indicated she was leaving the university, which also distinguishes her from Plaintiff. (Doc. 86-1.) The Court finds that none of Plaintiff's additional allegations in his motion response are sufficient to state an equal protection claim. Because Plaintiff has failed to state a claim for the third time, the Court finds that Plaintiff is unable to cure the defects as to Claim 3, and it should be dismissed with prejudice.

As to Claim 5, this is the first time Plaintiff has attempted to allege a conspiracy claim under § 1985(2). However, because Plaintiff did not have permission or consent to amend, did not file a Rule 15 motion to amend, and his proposed amendment fails to state a claim for relief, the Court finds that amendment should be denied at this time. Plaintiff previously was warned that the Court would not allow continual amendment because that would preclude the case from progressing out of the pleading stage. (Doc. 63 at 19.)

---

[7] For the first time in his motion response, Plaintiff alleged that he was similarly situated to Dr. Cristina Ramirez. (Doc. 86 at 7.) He contends that, when she made an unsubstantiated complaint of harassment, she was believed; in contrast, Plaintiff was subjected to adverse actions for his complaints. He alleges that Dr. Ramirez's complaints were endorsed by a dean and provost that are not alleged to have been involved in his complaints or in overseeing his employment. (Id.) Because Plaintiff's allegations about Dr. Ramirez do not establish that she was similarly situated to him, they do not provide a basis to allow amendment.

Plaintiff did not seem to understand the legal parameters of the claim, which required Defendants to have conspired because Plaintiff filed this lawsuit. In his motion response, Plaintiff tried to emphasize conspiratorial actions by Defendants, but he relied on conduct that occurred in 2022 and 2023, before he filed this case. (Doc. 86 at 9-11.) Plaintiff offered no facts indicating that, after he filed his lawsuit, any Defendants conspired to harm him based on this litigation. Plaintiff alleged only three seemingly disparate retaliatory actions that occurred after this case was initiated, one by Defendant Romero, one by Defendant Marx, and one by unidentified individuals that may or may not be named as Defendants in this case. Based on the information currently before the Court, the possibility that Plaintiff can state a § 1985(2) claim appears to be remote. However, because the Court cannot say that there is no possibility Plaintiff could cure the defects with additional facts, the Court finds Claim 5 should be dismissed without prejudice. If Plaintiff has a good faith belief that he can state a claim for relief based on § 1985(2), he may file a proper motion to amend that complies with Federal Rule of Civil Procedure 15 and LRCiv 15.1(a). The Court cautions Plaintiff that he must consider very carefully whether to seek amendment and should do so only if he is able to allege additional facts demonstrating that two or more Defendants conspired to harm him due to his filing of this lawsuit in December 2023.

## RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order granting Defendants' Motion to Dismiss (Doc. 82), in part, dismissing with prejudice Claim 3 and Defendants Robbins and Johnson, and dismissing without prejudice Claim 5; and denying it, in part, as to Claims 1, 2, and 4, and the remaining Defendants. Defendants ABOR, Folks, Brennan, Romero, Deil-Amen, Berry, Marx, and Bertrand should be directed to file an Answer to Claims 1, 2, and 4 of the Second Amended Complaint.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and

Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived.

Dated this 17th day of March, 2026.

_____
Honorable Lynnette C. Kimmins
United States Magistrate Judge