**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Keiron Bailey,

      Plaintiff,

v.

Arizona Board of Regents, et al.,

      Defendants.

No. CV-23-00557-TUC-AMM (LCK)

**ORDER**

On March 17, 2026, Magistrate Judge Lynnette C. Kimmins issued a Report and Recommendation ("R&R") recommending that this Court grant in part and deny in part Defendants' Motion to Dismiss Second Amended Complaint. (Doc. 91.) Plaintiff filed his Objection on March 30, 2026. (Doc. 92.) Defendants did not respond. Upon review, the Court will adopt the Magistrate Judge's recommendation.

## I.      Standard of Review

The Court reviewed de novo portions of the report, findings, or recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (the Court reviews de novo those portions of the R&R to which specific objection is made); Fed. R. Civ. P. 72(b)(2) (requiring objections be "specific [and] written"). Any portion that is not subject to a specific objection is reviewed for clear error. *See Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012). "[W]hile the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further

review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. § 636(b)(1)(C).

A mere restatement of the arguments that were presented to the magistrate judge is not a proper objection for purposes of de novo review. *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004) (objections "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge"); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work" and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.").

## II. Report and Recommendation[1]

The Magistrate Judge considered Defendants Arizona Board of Regents ("ABOR"), Robert Robbins, Liesl Folks, Diane Brennan, Andrea Romero, Regina Deil-Amen, Robert Berry, Ron Marx, Melanie Bertrand, and Laura Johnson's Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 91.) The Magistrate Judge found that Plaintiff alleged facts that, liberally construed, successfully state claims for Title VII retaliation (Claim 1), Title IX retaliation (Claim 2), and First Amendment retaliation (Claim 4). (*Id.* at 6–7, 10.)

The Magistrate Judge further concluded that some Defendants and claims were properly subject to dismissal. First, as to Claim 4, the Magistrate Judge found it appropriate to dismiss Defendant Robbins because Plaintiff failed to allege any specific adverse actions on his part. (*Id.* at 10.)

Likewise, the Magistrate Judge concluded Plaintiff failed to state an equal protection claim in Claim 3. (*Id.* at 8.) She found Plaintiff did not plausibly allege he was treated differently from similarly situated female faculty. (*Id.*) Although he identified Drs.

---

[1] Because Plaintiff did not specifically object to the Magistrate Judge's recitation of the facts in this case, the Court will incorporate the facts and procedural history by reference.

Hudson, Diaz, and Hymel as female faculty, he did not show they complained to the same people or entities about the same kind of discrimination as Plaintiff or that they were subject to the same decision-makers. (*Id.* at 7–8.) The Magistrate Judge also found that Claim 3 failed because Plaintiff did not allege Defendants individually participated in violating his right to equal protection. (*Id.* at 8.) Because Plaintiff had three opportunities to amend Claim 3, the Magistrate Judge recommended dismissal with prejudice. (*Id.*)

Finally, the Magistrate Judge recommended that this Court dismiss Claim 5. (*Id.* at 12.) Plaintiff added Claim 5 for the first time in his Second Amended Complaint, alleging Defendants conspired to interfere with his civil rights in violation of 42 U.S.C. § 1985(2). (*Id.*) The Magistrate Judge first found that Claim 5 was outside the scope of the leave to amend because this Court gave Plaintiff permission to amend only Claims 1 through 4. (*Id.* at 10.)

That procedural defect notwithstanding, the Magistrate Judge further concluded that Plaintiff did not plead facts showing a conspiracy tied to his filing or participation in this federal case, and he did not allege a viable state-court-access theory under the second clause of § 1985(2). (*Id.* at 11–12.) However, because this was Plaintiff's first time alleging Claim 5, the Magistrate Judge could not conclude that Plaintiff would be unable to cure these deficiencies with additional facts. (*Id.* at 14–15.) She, therefore, recommended dismissing Claim 5 without prejudice and allowing Plaintiff to seek leave to amend Claim 5 through a proper Federal Rule of Civil Procedure 15 motion. (*Id.*)

Because Defendant Johnson was only named as to Claim 5, the Magistrate Judge recommended dismissing Defendant Johnson from this action. (*Id.* at 13.)

### III.   Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's recommendation to (1) dismiss Defendant Robbins from Claim 4 and (2) dismiss Claim 3 with prejudice. (Doc. 92.) The Court will address each in turn.

#### A.  Defendant Robbins

Plaintiff argues that Defendant Robbins, as President at the University of Arizona,

knew or should have known about his subordinates' actions. (*Id.* at 10.) He also alleges that Defendant Robbins read Plaintiff's emails detailing his complaints about mistreatment. (*Id.*) Plaintiff asserts that Defendant Robbins's failure to act makes him liable for First Amendment retaliation. (*Id.*)

The Court will overrule Plaintiff's objection. The Magistrate Judge already considered the basis for Plaintiff's current objection. *Betancourt*, 313 F. Supp. 2d at 34 (objections "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge"). In his Second Amended Complaint, Plaintiff alleged that Defendant Robbins was a supervisor and knew or should have known about the adverse actions against Plaintiff. (*See* Doc. 75 at 14, 17, 22.) He reiterated these same arguments in his Response to Defendants' Motion to Dismiss. (*See* Doc. 86 at 2, 5, 8, 10.) Plaintiff does not raise arguments that were not before the Magistrate Judge, and the Court finds that the Magistrate Judge appropriately concluded that Plaintiff failed to allege sufficient facts that Defendant Robbins personally participated in retaliatory acts. Accordingly, the Court will adopt the Magistrate Judge's recommendation to dismiss Defendant Robbins from Claim 4.

### B.  Claim 3

Plaintiff further objects to the Magistrate Judge's recommendation to dismiss Claim 3 with prejudice. (Doc. 92 at 2–9.) He contends that similarly situated female faculty members Drs. Hudson, Diaz, and Hymel were treated more favorably, and that Defendants Romero and Folks had supervisory authority and knowledge of their complaints. (*Id.*) Plaintiff further argues that the female faculty complained about the same university officials and were subject to the same complaint-handling structure. (*Id.*)

The Court will overrule Plaintiff's objections and adopt the recommendation. Although Plaintiff suggests that Drs. Hudson, Diaz, and Hymel were subject to the same chain of command, these allegations are not in his Second Amended Complaint. The Court is generally limited to the pleading when assessing Defendants' Motion to Dismiss. *See* Fed. R. Civ. P. 8(a)(2); *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (quoting

*Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). Moreover, objections are not an opportunity to raise facts for the first time. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000).

Even if the Court were to consider Plaintiff's new allegations, the Magistrate Judge appropriately observed that Plaintiff fails to assert that Drs. Hudson, Diaz, and Hymel complained about sex-based harassment like Plaintiff. Likewise, Plaintiff never alleged that particular Defendants personally acted with discriminatory intent to treat Plaintiff differently than a similarly situated female.

Accordingly, the Court will dismiss Claim 3. The Second Amended Complaint does not plausibly allege similarly situated comparators or personal participation. Because Plaintiff has had three prior opportunities to amend Claim 3, further amendment would be futile.

### IV.    Conclusion

The Court has reviewed the Magistrate Judge's R&R (Doc. 91), the parties' briefs (Docs. 82, 86, 89, 91–92), and the record in this matter. The Court finds no clear error in the Magistrate Judge's R&R and agrees with her reasoning and conclusions.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's R&R is **ADOPTED**. (Doc. 91.)

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 82.) Defendant Robbins is **DISMISSED** as to Claim 4. Defendant Johnson is **DISMISSED**. Claim 3 is **DISMISSED WITH PREJUDICE**. Claim 5 is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants shall answer Claims 1, 2, and 4.

Dated this 3rd day of August, 2026.

Honorable Angela M. Martinez
United States District Judge

- 5 -